UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DORA ANN THOMAS, *Pro Se*, | ) | Case No.: 1:06 CV 1312 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DAVID BOBBY, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On May 26, 2006, Petitioner Dora Ann Thomas ("Petitioner" or "Thomas"), *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of her guilty plea for drug trafficking. (ECF No. 1.) Petitioner raised one ground for relief: that she was denied the effective assistance of appellate counsel on her first appeal of right. (*Id.*)

This case was referred to Magistrate Judge Patricia A. Hemann for preparation of a Report and Recommendation. (ECF Nos. 2, 5.) On January 10, 2007, the Magistrate Judge issued her Report and Recommendation, recommending that final judgment be entered in favor of the Respondent and that Thomas's Petition be denied. (ECF No. 14.) Specifically, the Magistrate Judge found that Thomas had failed to prove that she was prejudiced by her appellate counsel's performance; and thus, she failed to satisfy the second prong of an ineffective assistance of counsel

claim. (*Id.* at 14); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). Thomas filed her Objections to the Report and Recommendation on January 22, 2007. (Pet.'s Objections, ECF No. 16.)

The court finds, after careful review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 14) for the reasons stated by the Magistrate Judge as well as those stated herein.

In her Report and Recommendation, the Magistrate Judge quotes controlling case law holding that "a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Dowell*, 2004 Ohio 3870, *p23 (Ohio Ct. App. July 22, 2004) (citation omitted); (*see* Report and Recommendation at 14.) Petitioner concedes that this rule is correct; however, she argues that it applies only where a petitioner raises *both* "insufficient evidence" *and* "against the manifest weight of the evidence" issues. (Pet.'s Objections at 3-4.) Indeed, Petitioner previously argued in her *pro se* motion to reopen her appeal in state appellate court that her appellate counsel was ineffective for two reasons: (1) appellate counsel *should* have argued that trial counsel's failure to renew her insufficient evidence claim constituted ineffective assistance of counsel; and (2) appellate counsel *should not* have argued that the conviction was against the manifest weight of the evidence.[1] (*See* Pet.'s Mot. for Reopening of

---

[1] Petitioner correctly points out that the Magistrate Judge erroneously stated that Petitioner raised only the first ground of relief in her motion to reopen her state appeal. (*See* Pet.'s Objections at 7; Report and Recommendation at 3.) The Magistrate appears to have relied on Respondent's same mistake. (*See* Resp't's

- 2 -

Appeal Pursuant to App. R. 26(B), Resp't's Ex. 9, at 5, ECF No. 11) (on file); *see also* Pet.'s Objections at 6-7.) Petitioner contends that if appellate counsel had solely argued insufficient evidence – and had not also argued manifest evidence – that the *Dowell* rule would not apply. Petitioner's habeas petition raises only the first ground. (Pet.'s Pet. for Writ of Habeas Corpus at 5; Pet.'s Objections 2-3, ECF No. 16.)

Petitioner, however, misinterprets the rule set forth in *Dowell*. The rule can be broken down as follows: A finding that a conviction is not against the manifest weight of the evidence requires a higher standard than a finding that a conviction is supported by sufficient evidence. *Dowell*, 2004 Ohio at p21-22. Therefore, a court's finding that a conviction is supported by the manifest weight of the evidence necessarily means that the court has found that the conviction is supported by sufficient evidence. *Id.* at p23. In essence, a court's determination that the higher standard has been met means that the lower standard has automatically been met as well. Despite Petitioner's contention otherwise, there is no evidence that this rule is limited to where a petitioner raises both the weight of the evidence and the sufficiency of the evidence. Indeed, such a limitation would be illogical.

Consequently, the state appellate court's finding that Petitioner's conviction was not against the manifest weight of the evidence was also an implicit finding that there was sufficient evidence. (*See* Report and Recommendation at 10-11.) Therefore, even if Petitioner's appellate counsel had solely argued that trial counsel was ineffective due to the failure to renew the insufficient evidence claim (the lower standard), this claim would necessarily fail in light of the appellate court's fiding

---

Return of Writ 4, ECF No. 11.)

that the conviction was supported by the manifest weight of the evidence (the higher standard).  For this reason, it does not matter whether Petitioner's counsel had raised the sufficiency argument alone or together with the manifest weight argument – they would both fail.  (*See* Report and Recommendation at 14.) Accordingly, there is not a reasonable possibility that the result of her state court appeal would have been different.  *See Strickland*, 466 U.S. at 694; (Pet.'s Objections at 9.) Therefore, as Petitioner cannot show that she was prejudiced by the alleged errors of appellate counsel, her ineffective assistance of counsel claim fails.

The court hereby adopts the Magistrate Judge's Report and Recommendation (ECF No. 14) denying Thomas's Petition for Writ of Habeas Corpus (ECF No. 1), as its own, for the reasons stated in her Report and Recommendation as well as those stated herein, and enters final judgment in favor of Respondent.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 29, 2007